UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ILLINOIS CASUALTY COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| TOOR'S INC. d/b/a TOOR'S RESTAURANT, | ) | 2:07-cv-0282-RLY-WGH |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TOOR'S INC. d/b/a TOOR'S RESTAURANT | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| vs. | ) | |
| | ) | |
| ILLINOIS CASUALTY COMPANY | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| | ) | |
| MUKHTIAR SINGH TOOR, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| MATTHEW METZGER and MAYERSTEIN-BURNELL CO., INC., d/b/a MBAH INSURANCE, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

1

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ITS COMPLAINT AND DEFENDANT/COUNTER-CLAIMANT'S COUNTERCLAIM**

On April 19, 2007, a fire occurred at Toor's ("Toor's") located in Greencastle, Indiana, which completely destroyed the building and its contents. At the time of the fire, Toor's had a businessowner's insurance policy covering the property issued by the plaintiff herein, Illinois Casualty Company ("ICC"). ICC performed a limited investigation of the fire loss, and issued a letter denying coverage.

ICC thereafter filed its Complaint for Declaratory Judgment which asks the court to declare and determine that the subject policy provides no coverage for the fire loss. Toor's filed a Counterclaim against ICC requesting damages for breach of contract and punitive damages for ICC's bad faith. ICC now moves for summary judgment on its Complaint and on Toor's Counterclaims for breach of contract and bad faith. For the reasons set forth below, the court **DENIES** ICC's Motion.

**I.      Factual Background**

1. ICC issued a Businessowner's Insurance Policy, bearing Policy No. BP25259 (the "Policy"), to Toor's, with a policy period of March 8, 2007, to March 8, 2008. (Complaint ¶ 5).

2. The Policy was intended to insure business property that was owned by Toor's, and which was located at 1605 East U.S. Highway 40, Greencastle, Indiana, 46135, against certain risks, including the risk of loss by accidental fire. (Complaint ¶ 6).

2

3. Mukhtiar Singh Toor ("Mr. Toor") acquired the business property by deed in September 2006.  (Deposition of Mukhtiar Singh Toor ("Toor Dep.") at 26-27).

4. Mr. Toor incorporated Toors, Inc., and owns all of the stock of the corporation. (Declaration of Mukhtiar Singh Toor ("Toor Dec.") ¶ 2).  Mr. Toor prepared the incorporation papers himself, without the benefit of an attorney, but did not transfer the real estate into the name of the corporation.  (Toor Dep. at 32).

5. In February 2007, Mr. Toor learned that he would not be able to open Toor's until he made changes to the existing septic system, which, he later learned, would cost a substantial sum of money to fix.  (Toor Dep. at 28-29, 45).

6. On April 19, 2007, a fire occurred on the property which resulted in the complete destruction of the property's structure and contents. (Complaint ¶ 7).

7. On October 3, 2007, ICC issued a letter to Mr. Toor denying coverage on a number of grounds.  (Deposition of Josie Labath ("Labath Dep."), Ex. A at Bates No. 0018-0020).  The asserted grounds were listed as follows:

    (1) Excluded cause of loss;

    (2) No Builder's Risk policy was put in place as required by the Underwriting Department in order to bind coverage;

    (3) Building was purchased by an individual not named on the policy in any capacity, and consequently was not Covered Property as defined by the policy;

    (4) Vacant building;

    (5) The business was not going to be allowed to open by the Putnam County Health Department without a

        complete overhaul of the septic system. There was no evidence or documentation to indicate such work had begun; and in the course of your recorded statement, you confirmed that the necessary permits, plans, work orders, and/or licenses had not yet been applied for/drawn up/approved;

    (6)    Official investigation into the circumstances surrounding this event is still open and ongoing;

    (7)    Concealment, Misrepresentation, or Fraud in the application process.

(Labath Dep., Ex. A at Bates No. 0018).

8. In ICC's Complaint, dated October 12, 2007, ICC asserts a number of grounds in support of its claim that the Policy provides no coverage. These include: "(1) that said Policy of insurance provides no coverage as a result of Defendant's intentional acts; (2) that the Policy of insurance provides no coverage as a result of Defendant's concealment and/or misrepresentations; (3) that the Policy of insurance provides no coverage as a result of Defendant's fraudulent conduct . . . ." (*See* Complaint, Prayer for Relief at 5).

9. ICC's motion for summary judgment relies upon only one ground – concealment, misrepresentation or fraud[1] in the application process. The asserted facts in

---

[1] The facts noted by ICC in its letter denying Mr. Toor coverage due to concealment, misrepresentation or fraud differ from the grounds asserted in its motion for summary judgment. For example, in the denial letter, ICC focused on the fact that Mr. Toor informed ICC his restaurant would be opening relatively soon, but that ICC's investigation found that "[Mr. Toor] would not have been able to open in a week, and possibly not at all if [Mr. Toor] w[as] unable to resolve the issue surrounding the septic system." (Labath Dep., Ex. A at Bates No. 0020). In ICC's summary judgment motion, however, the focus is on Mr. Toor's alleged material misrepresentations made in his application for the Policy pertaining to, for example, the value of

support of this claim are the following:

    (1)    Mr. Toor acquired the property for $85,000. (Toor Dep. at 25). However, ICC insured the property for $725,800. (Deposition of Amy Weeks ("Weeks Dep.") at 13).

    (2)    Mr. Toor paid $40,000 for the contents of the building. (Toor Dep. at 39). However, ICC insured the contents of the building for $125,000. (Labath Dep., Ex. A at Bates No. 0306).

10. In procuring insurance for Toor's Restaurant, Mr. Toor employed Matthew Metzger ("Mr. Metzger"), an insurance agent employed by Mayerstein-Burnell Co, Inc., d/b/a MBAH Insurance ("MBAH").

11. Mr. Toor testified that Mr. Metzger supplied the values for the property and building contents on the ICC application. (Toor Dep. at 37). Mr. Toor's testimony is supported by the testimony of ICC underwriter, Amy Weeks ("Ms. Weeks"). Ms. Weeks testified that the coverage amounts in the application were provided by MBAH. (Weeks Dep. at 13).

12. ICC then utilized building valuation software by Marshall & Swift & Boeckh and determined the amount of insurance for the building had a replacement cost of $725,876. (Weeks Dep. at 21).

13. In May 2007, after the fire loss, Marshall & Swift, a commercial estimator, issued

---

the property.

        a report showing that the estimated market value of the property was $100,000 and that it had a replacement cost of $607,403. The actual cash value was determined to be $121,480. (Labath Dep., Ex. A at Bates No. 0103-0104).

14. In June 2007, Steel Construction from Bloomington, Indiana, submitted a proposal to rebuild the restaurant at a cost of $648,000. (Labath Dep., Ex. A at Bates No. 0068).

15. In October 2007, ICC filed the instant Complaint.

## II. Summary Judgment Standard

Summary judgment is appropriate where the pleadings, affidavits, and other materials on file demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Jurisdiction of this case is based upon diversity of citizenship, and, as all material events occurred in Indiana, the parties agree that Indiana substantive law applies.

The interpretation of an insurance policy is subject to the same rules of construction and interpretation as any other contract. *Amerisure, Inc. v. Wurster Constr. Co., Inc.*, 818 N.E.2d 887, 1001 (Ind. Ct. App. 2004). If the terms of an insurance policy are clear and unambiguous, its language must be given its plain and ordinary meaning. *Castillo v. Prudential Prop. and Cas. Ins. Co.*, 834 N.E.2d 204, 206 (Ind. Ct. App. 2005). "The application of the unambiguous language of a contract to the undisputed facts of a case is a question of law." *Myles*, 197 F.3d at 868. Here, the terms of the Policy at issue are unambiguous; however, as shown below, the case turns on disputed facts. Summary

judgment is therefore inappropriate.

### III. Discussion

#### A. ICC's Claim for Declaratory Judgment and Toor's Restaurant's Counterclaim for Breach of Contract

ICC's claim for declaratory judgment and Toor's Restaurant's counterclaim for breach of the insurance contract speak to the same issue – i.e., whether the facts of this case warrant the denial of Toor's claim for fire loss. Accordingly, the court will address ICC's motion for summary judgment with respect to these claims together.

The relevant policy provision reads:

**BUSINESSOWNERS COMMON POLICY CONDITIONS**

\* \* \*

**C. Concealment, Misrepresentation Or Fraud**

    **1.** This Policy is void if you or any insured commit fraud or conceal or misrepresent a fact in the process leading to the issuance of this insurance, and such fraud, concealment or misrepresentation is stated in the Policy or endorsement or in the written application, including all supplemental information provided, for this Policy and:

        **a.** Was made with actual intent to deceive;

        or

        **b.** Materially affected either our decision to provide this insurance or the hazard we assumed.

(Complaint, Ex. A at 2). ICC's and Toor's Restaurant's claims turn on whether Mr. Toor made misrepresentations in the application for business property insurance which

"[m]aterially affected either [ICC's] decision to provide this insurance or the hazard [it] assumed." *See also Bennett*, 776 N.E.2d at 1269-70 (quoting *Primerica Life Ins. Co. v. Skinner*, 678 N.E.2d 1140, 1142 (Ind. Ct. App. 1997) ("[A] misrepresentation is material 'if the fact omitted or misstated, if truly stated, might reasonably influence the insurer's decision whether to issue the policy or to charge a higher premium.'")). "Normally, the materiality of a misrepresentation is a question of fact for the jury." *Id*. 1270.

The evidence reflects that Mr. Toor employed the services of Mr. Metzger of MBAH to aid him in procuring business property insurance from ICC. Mr. Metzger supplied the value of the property and its contents on the application form, and (it would appear) that Mr. Toor relied on his expertise in supplying those numbers. To the extent that Mr. Toor ratified those numbers by signing the application form, the numbers provided do not appear to be greatly out of line with the numbers quoted by Marshall & Swift and Steel Construction. (*Compare* Finding of Fact # 9 (1), (2) *with* Findings of Fact ## 13, 14). More significantly, the numbers do not appear to be greatly out of line with the numbers that ICC itself approved. (*See* Finding of Fact # 12). Thus, the court finds that to the extent the values asserted in Toor's application were "misrepresentations" under the terms of the Policy, there remains a genuine issue of material fact as to whether the misrepresentations were "material" – i.e., whether the asserted values would have influenced ICC's decision to issue the policy.

ICC's claim also appears to rely upon the fact that the property was in the name of Mr. Toor rather than Toor's, and that this constituted a misrepresentation. To the extent

this was a misrepresentation under the Policy, the court finds it was not material. Ms. Weeks, an underwriter for ICC, testified that she ran a title search approximately a month prior to the fire, that the search did not show that Toor's, Inc., was the title holder of the building, and that ICC intended to clear up the ownership issue when its risk inspection was conducted. (Weeks Dep. at 16-17). Unfortunately, the inspector did not show up until the day after the fire. (Weeks Dep. at 17). At any rate, ICC has presented no evidence to show that Mr. Toor's title ownership would have, in any way, impacted ICC's decision to accept a premium and insure the building.

For these reasons, ICC's motion for summary judgment on its claim for declaratory judgment and ICC's motion for summary judgment on Toor's counterclaim for breach of the insurance contract are **DENIED**.

### B. Toor's Counterclaim for Bad Faith

Toor's claims that ICC "acted in bad faith in its claim handling of the April 19, 2007 fire loss." (Counterclaim ¶ 4). ICC seeks summary judgment on grounds that Toor's has failed to present sufficient evidence of ICC's ill-will.

"Indiana law has long recognized a legal duty, implied in all insurance contracts, for the insurer to deal in good faith with its insured." *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind. 2002) (citing *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993)). A cause of action for bad faith does not arise simply because a claim was denied; rather, a cause of action for bad faith arises if the plaintiff establishes, by clear and convincing evidence, "that the insurer had knowledge that there was no legitimate basis

9

for denying liability." *Id.*

In the present case, having read the denial letter, the Complaint, the motion for summary judgment, and the evidence of record, the court finds that there exists a genuine issue of material fact as to whether ICC had a legitimate basis for denying coverage. In ICC's denial letter and in its Complaint, ICC alleged that its investigation revealed that cause of the fire loss was due to an intentional act of Mr. Toor or one of his agents. (*See* Labath Dep., Ex. A at Bates No. 0019 (ICC's expert report confirmed that, *inter alia*, "a human act . . . could not be eliminated as the ignition source for the fire. . ." ); Complaint ¶ 10 ("Plaintiff's investigation has revealed that the fire was not a covered loss under the Policy because it was the result of an intentional act caused by or at the direction of agents of the Defendant."). Yet, in ICC's motion for summary judgment, ICC argues only that the statements made in Toor's application for insurance with regard to the property values were material misrepresentations which void the policy. For this reason, as well as those presented by Toor's in its Response Brief, the court finds that Toor's has successfully raised a genuine issue of material fact on its counterclaim for bad faith.

## IV.     Conclusion

For the reasons set forth above, the court **DENIES** Plaintiff/Counter-Defendant's Motion for Summary Judgment on its Complaint and Defendant/Counter-Claimant's Counterclaim (Docket # 25).

**SO ORDERED** this  12th   day of May 2009.

                              RICHARD L. YOUNG, JUDGE
                              United States District Court
                              Southern District of Indiana

Electronic Copies to:

Scott Ernest Andres
DUE DOYLE FANNING  & METZGER
sandres@duedoyle.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Danford Royce Due
DUE DOYLE FANNING  & METZGER
ddue@duedoyle.com

Robert F. Hunt
HUNT HASSLER & LORENZ LLP
hunt@huntlawfirm.net